IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv19

CINCINNATI FINANCIAL CORPORATION,  )
a/b/a CINCINNATI INSURANCE COMPANY, )
a/s/o DELTA PARTNERS, INC.,         )
                                    )
            Plaintiffs,             )
                                    )
    vs.                             )
                                    )
ELKAY MANUFACTURING COMPANY,        )
d/b/a HALSEY TAYLOR, EMBRACO        )
NORTH AMERICA, INC., and            )
GENERAL ELECTRIC COMPANY,           )
                                    )
            Defendants.             )
_____)

**CONSENT ORDER OF REMAND**

**THIS MATTER** is before the Court on the Plaintiff's Motion for Remand. [Doc. 17].

On January 27, 2012, this case was removed from state court by Defendant Elkay Manufacturing Company (Elkay) based on diversity jurisdiction. [Doc. 1]. On February 9, 2012, Defendant General Electric Company (GE) filed a Consent to Removal.[1] [Doc. 12]. The Plaintiffs' cause

---

[1]Defendant Embraco North America, Inc. did not file such a consent and the Notice of Removal does not contain a provision that it consented. The omission,

of action arises from a water leak which occurred at property owned by Delta Partners, Inc. (Delta). [Doc. 1-1 at 12-24]. The insurance claim for the damage was paid by Plaintiff Cincinnati Financial Corporation (Cincinnati) which now seeks to assert its right of subrogation against the Defendants. [Id.]. The water leak is alleged to have occurred as a result of a defective drinking fountain. [Id.].

After the case was removed, the Plaintiffs timely moved to remand to state court on the ground that the amount in controversy does not exceed the sum of $62,511.18, exclusive of costs. [Doc. 17-1 at 2]. The Plaintiffs also concede that an award of attorneys' fees is not available in this matter. [Id. at 5]. Attached to the motion is a Sworn Statement of Loss in the amount of $62,511.18. [Doc. 17-3]. As a result, the threshold for diversity jurisdiction is not met. 28 U.S.C. §1332(a) (the matter in controversy must exceed $75,000.00). Based on this statement by the Plaintiffs, Embraco and Elkay both filed responses in which they consented to remanding the case to state court. [Doc. 22; Doc. 23]. Although Defendant GE did not file a response, it did advise the Court that it also consents to remand. Having reviewed the matter and the parties consenting, the Court finds that the case should be

---

however, is not relevant in view of the parties' agreement to remand the case.

remanded to state court since diversity jurisdiction does not exist. 28 U.S.C. §1332.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Remand [Doc. 17], which is consented to by the Defendants, is hereby **GRANTED** and this action is hereby **REMANDED** to the Cleveland County Superior Court.

Signed: March 19, 2012

Martin Reidinger
United States District Judge

3